IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Crim. No. 05-0101 PJM |
| KEVIN TYRELLE SUMMERS | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Kevin Tyrelle Summers has filed a Motion for a Reduced Sentence under 18 U.S.C. § 3582(c)(2). He requests a reduction of his sentence based on Amendment 750 to the U.S. Sentencing Guidelines, which lowered the base offense levels for sentencing in crack cocaine cases to remedy the sentencing disparity between crack and powder cocaine. For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** Summers' Motion.

### I.

On November 14, 2004, Prince George's County police officers arrested Summers. A uniformed police officer had asked Summers and another person to approach the police cruiser to question them about a pending criminal matter. Rather than converse with the officers, Summers ran away. The uniformed police officer and a fellow officer followed after him. After the police detained Summers, they searched his person and a jacket he discarded during the chase. They found two plastic bags containing 91 grams of crack cocaine and a loaded nine millimeter semi-automatic handgun. During his transfer to the police station, Summers broke free from custody. Still handcuffed, he ran for a few blocks before the police regained custody.

On June 19, 2006, a jury found Summers guilty of violating 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Cocaine Base, ("Count One") and 18 U.S.C. § 922(g)(1), Possession of a Firearm After a Felony Conviction ("Count Two"). At sentencing, Summers'

base offense level was found to be 32 because he possessed at least 50 grams of cocaine base. The Court then applied certain adjustments to Summers' score—specifically, an increase of two points for possession of a dangerous weapon and another increase of two points for obstruction of justice—and arrived at an adjusted offense level of 36. Summers' criminal history category was IV. According to the U.S. Sentencing Guidelines Manual, the range of imprisonment for Count One was 262–327 months. The Court sentenced Summers to 262 months imprisonment on Count One, possession of cocaine base with intent to distribute, and 120 months imprisonment on Count Two, possession of a firearm after a felony conviction, to run concurrently.

## II.

The U.S. Sentencing Commission twice amended its Sentencing Guidelines to reduce the disparity in sentencing between crack and powder cocaine drug offenses. The first amendment to remedy this disparity occurred in 2007, when the Commission therefore promulgated Amendment 706, which reduced base offense levels for crack cocaine by two levels in an effort to bring the sentencing guidelines for crack cocaine in line with those for powder cocaine. United States Sentencing Commission, Guidelines Manual, Supp. to App. C, Amend. 706 (2012).

In 2010, Congress passed the Fair Sentencing Act, seeking to further reduce the sentencing disparity between crack and powder cocaine drug offenses. Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372. The Commission thereafter promulgated Amendment 750 to implement the reductions in crack cocaine sentencing required by the Act. USSG App. C, Amend. 750. The Amendment reduced base offense levels for crack cocaine by an additional four offense levels, bringing the sentencing guidelines for crack cocaine closer to the sentencing guidelines for powder cocaine. *Id.*

Both of the above mentioned amendments may be applied retroactively. *See* USSG App. C, Amend. 759 (applying Amendment 750 retroactively); USSG App. C, Amend. 713 (applying Amendment 706 retroactively). Retroactive application of the amendments allows an offender to seek resentencing if his or her initial sentencing occurred under an older version of the relevant guidelines.

18 U.S.C. § 3582(c) allows "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" to file a motion asking the court to reduce his or her sentence. 18 U.S.C. § 3582(c)(2). When a court determines whether to grant or deny a motion for a reduced sentence, it must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

### III.

On September 14, 2009, the Court granted Summers' motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). In applying the two level reduction provided for by Amendment 706, the Court recalculated Summers' base offense level, resulting in his Count One sentence being reduced to 210 months, a 52 month reduction. The Count Two sentence remained unchanged at 120 months imprisonment, running concurrently.

### IV.

Summers now requests, based on Amendment 750, that the Court reduce his sentence again according to 18 U.S.C. § 3582(c)(2). Under this Amendment, his recalculated offense level results in a guideline sentencing range of 135–168 months. Summers asks for a reduction to 135

months imprisonment on Count One, the crack cocaine offense, to run concurrently with his 120 months imprisonment on Count Two, the felon in possession offense.

The Government opposes Summers' motion, arguing that a reduction is inappropriate because he did not accept responsibility for his conduct, fled from the police, and attempted to carjack a passing stranger, and he had seven criminal history points by the age of 24. Finally, the Government believes a reduction is not necessary because Summers has already received a reduced sentence.

V.

18 U.S.C. § 3582(c)(2) allows a defendant to file a motion for a reduced sentence. The Court considers the nature and circumstance of Summers' offense, his criminal history, the need to deter similar criminal conduct, and the need to provide just punishment for an offense. *See* 18 U.S.C. § 3553(a) (factors to be considered during sentencing).

The Court recognizes the Government's concern over Summers' prior criminal history, but that history has already been accounted for during the sentencing process. Furthermore, the reduction to sentencing would not result in a sentence less than the mandatory minimum sentence of 5 years for possession of crack cocaine greater than 28 grams. 21 U.S.C. § 841(b)(1)(B)(3). Considering the factors of § 3553, the recent Amendments to the Guidelines, and the aforementioned concerns, the Court rules that Summers' sentence should be reduced, and hereby reduces his sentence to 168 months for Count One, possession of cocaine base with intent to distribute. This sentence is within the guideline range of 135–168 months and fairly accommodates the Government's continuing concerns.

## VI.

For the foregoing reasons, Summers' Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) is **GRANTED IN PART** and **DENIED IN PART**. Summers sentence is reduced to 168 months imprisonment on Count One, possession of cocaine base with intent to distribute. His sentence for Count Two, possession of a firearm after a felony conviction, remains 120 months imprisonment and shall run concurrently.

A separate Order will **ISSUE**.

March 26, 2013

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE